1
2
3
4
5
6
7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11   GABRIEL ANDREW RANGEL,                    Case No.: 3:17-cv-00743-BTM-JLB
     Booking No. 16173523,
12
                                   Plaintiff,   **ORDER DISMISSING CIVIL**
13                                              **ACTION AS FRIVOLOUS**
                         vs.                    **PURSUANT TO**
14                                              **28 U.S.C. § 1915A(b)(1)**
     PACHECO, et al.,
15
                                  Defendants.
16

17

18        GABRIEL ANDREW RANGEL ("Plaintiff"), while detained at the San Diego

19   County Jail ("SDCJ") and proceeding pro se, has filed a 2-page Complaint drafted in the

20   form of a letter, claiming he is the target of "political assassina[tion]" by Defendants,

21   identified only as "Sheriff's Officers" and "DDA's of past and presen[t]" who have

22   connected his "biometric[] nano central nervous system" to "electric fields" and are

23   committing "neurocognitive … torture upon [his] person." *See* ECF No. 1. Plaintiff further

24   claims he has been a "torture victim before birth" due to his "rare blood of double OO ODT

25   plus positive," and his Apache Chiricahua descent, and he seeks injunctive relief from an

26   "appropriate federal agency" pursuant to the War Crimes Act, Federal Tort Claims Act,

27   "Alien Statu[t]e Tort Claim," the "Embryonic Embryo Act," the Geneva Convention, and

28   the "Law of England 186 (1789)." *Id.* at 1-2.

1

1    Plaintiff has not prepaid the $400 filing fee required to commence civil action

2    pursuant to 28 U.S.C. § 1914(a), nor has he filed a Motion to Proceed In Forma Pauperis

3    ("IFP") pursuant to 28 U.S.C. § 1915(a).

4    Plaintiff has, however, filed miscellaneous supplemental documents including a

5    Motion for Preliminary Injunction (ECF No. 3) and a Motion for Leave to Appear (ECF

6    No. 7). In his Motion for Preliminary Injunction, Plaintiff repeats allegations that he is a

7    "human subject to a … program of savant talent," and a "bio blood extraction victim" of

8    "radiation clandestine crystalline army sigma elite CIA 805th Chemical Corporation," and

9    on that basis, he seeks "emergency release [from] incarceration" due to his torture through

10   "illegal securus technologies thermal heat mazer lazers," employed by the Ku Klux Klan,

11   "Luminati," and "Freemasons," who together with "law enforcement officials, "murder …

12   Afro-American m[e]n and young virgin women as sacrifice every month for four years,"

13   "then Monday through Friday pass out double life sentences for [the] same offenses." *See*

14   ECF No. 3 at 1-3.

15   **I.      Discussion**

16   Because Plaintiff has not paid the filing fees required to commence a civil action,

17   his case is subject to immediate dismissal on that basis alone. *See* 28 U.S.C. § 1914(a).

18   And while "a federal litigant who is too poor to pay court fees may proceed *in forma*

19   *pauperis*," *Coleman v. Tollefson,* 135 S. Ct. 1759, 17621 (2015), Plaintiff does not seek

20   leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d

21   1047, 1051 (9th Cir. 2007).

22   Ordinarily, under these circumstances, the Court would grant Plaintiff leave to

23   submit a properly supported IFP Motion in order to proceed further. However, the Court

24   finds such leave unnecessary and unjustified in this case because a preliminary review of

25   Plaintiff's Complaint, his Motion for Preliminary Injunction, and his other supplemental

26   documents reveal a suit that is patently frivolous. *See Denton v. Hernandez*, 504 U.S. 25,

27   25-26 (1992). A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level

28   of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

available to contradict them." *Id.*

"A court may screen a complaint pursuant to 28 U.S.C. § 1915A … if, at the time the plaintiff files the complaint, he is "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000). "On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas*, 856 F.3d at 1283 (quoting 28 U.S.C. § 1915A(b)).

While it is difficult to discern any arguable legal basis for Plaintiff's suit, it is clear that his allegations of being a "vampire biotech super soldier" and an "underground clone top shelf prime target of savant talent," who is subject to nanotechnology torture" at the hands of "DDAs" and unidentified SDCJ Sheriff's Department officials, while rambling, disjointed, and practically incoherent, are also "irrational" or "wholly incredible," and therefore, factually frivolous and subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1). *See Denton*, 504 U.S. at 25-26; *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (an action is frivolous if it lacks "an arguable basis in either law or fact.").

Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327; *see also Athans v. Starbucks Coffee Co.*, No. CV-06-1841-PHX-

3:17-cv-00743-BTM-JLB

DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007) (dismissing complaint presenting a "fantastic and delusional scenario" pursuant to 28 U.S.C. § 1915 in which Starbucks and law enforcement were alleged to have conspired to conduct surveillance of Plaintiff in his home, and administered drugs to him at various Starbucks stores in order to prevent him from stalking and murdering women); *Golden v. Clinton*, No. C 94–0499 EFL, 1994 WL 118280, at *1 (N.D. Cal. Mar. 23, 1994) (dismissing as frivolous action involving various private and public officials alleged to have conspired to control the plaintiff through electronic and "telemetric" devices); *Kierstead v. Suter*, 903 F. Supp. 801, 802–03 (D.N.J. 1995) (dismissing as frivolous civil complaint alleging government had conducted various biomedical studies on plaintiff and had kept her under constant surveillance); *Adams v. FBI*, No. C 06–07321 CRB, 2007 WL 627912, at *1–2 (N.D. Cal. Feb. 26, 2007) (dismissing as frivolous complaint painting a "delusional portrait of extreme persecution" involving hidden cameras in plaintiff's home and having blood drawn while she was rendered unconscious by a chemical substance).

If claims are classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

**II.   Conclusion and Order**

For the reasons discussed, the Court **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), **DENIES** Plaintiff's Motion for Preliminary Injunction and for Leave to Appear (ECF Nos. 3, 7) as moot, and **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

The Clerk is **DIRECTED** to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  7/31/17

Hon. Barry Ted Moskowitz, Chief Judge
United States District Court

4

3:17-cv-00743-BTM-JLB